**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JILL ROSEN,**

        **Plaintiff,**

**v.**                                                                  **Case No:   6:14-cv-801-Orl-31DAB**

**PEPPERIDGE FARM, INC.,**

        **Defendant.**

## ORDER

This matter is before the Court on Defendant, Pepperidge Farm, Inc.'s Motion to Dismiss and for More Definite Statement (Doc. 28) and the Plaintiff's Response in opposition (Doc. 29), as well as Plaintiff's More Definite Statement (Doc. 30).

### I. Background

This case is a dispute about whether the Plaintiff received the distribution territory from Defendant that she expected based on her contract with Defendant. She asserts that there is a contract which sets out the geographic bounds of her distribution territory for the Defendant's products and that Defendant has breached that contract. She has also pled several alternative claims. The Defendant, on the other hand, argues that the alternative claims are impermissible, and that the contract claim must be more clearly stated.

### II. Standard

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The

Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

**III.   Analysis**

**A.  Contract Claim – More Definite Statement**

Plaintiff's contract claim asserts that her Consignment Agreement (Doc. 2-1) ("Contract") with the Defendant has been breached because the geographic territory in which she claims exclusive distribution rights for Defendant's product is being encroached upon. The Defendant sought additional clarification as to what specific territory the Plaintiff believed was being wrongfully denied her—Defendant has received that in Plaintiff's subsequent, clarifying submission. (Doc. 30). Accordingly, the motion for more definite statement is moot.

### B. Fraud in the Inducement

As to Count II, the Complaint notifies the Defendant that its fraudulent representations concern the scope of Plaintiff's exclusive distribution territory. What is lacking, however, are allegations about what particular communications were fraudulent, by whom they were made, and when they occurred. Rule 9(b) "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.' " *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1370-71 (11th Cir. 1997) (quoting *Durham v. Business Management Associates*, 847 F.2d 1505, 1511 (11th Cir. 1988)). Because Count II does not meet Rule 9's heightened pleading standard, it will be dismissed without prejudice.[1]

### C. Detrimental Reliance (Promissory Estoppel)

In Count III, Plaintiff purports to assert a claim for "Detrimental Reliance." While detrimental reliance is not a recognized cause of action, subsequent pleadings make clear that this is actually a claim for promissory estoppel. (*See* Docs. 29 ¶¶ 14-15; 28 at 7). In this case, Plaintiff has permissibly pled the claim for promissory estoppel in the alternative to the claim for breach. *See* Fed. R. Civ. P. 8(a)(3). While this equitable relief will ultimately not be available if an express contract on the scope of the distribution territory is established, at this time the Plaintiff is permitted to pursue this claim and the contract claim simultaneously. *See Romo v. Amedex Ins. Co.*, 930 So. 2d 643, 650 (Fla. Dist. Ct. App. 2006) (reversing dismissal of claim for promissory estoppel asserted alongside breach claim).

---

[1] In Count II, Plaintiff seeks the same relief (benefit-of-the-bargain damages) as she does in the breach of contract claim. This cannot be. The proper remedy in equity for fraudulent inducement is rescission. *See Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1279 (11th Cir. 2004) (applying Florida law and noting that a plaintiff must select a remedy). These inconsistent claims may be pled in the alternative, but in the final analysis, Plaintiff cannot have it both ways.

### D. Unjust Enrichment

Count IV is an equitable claim for unjust enrichment, which seeks a refund of its overpayment for territory Plaintiff asserts she did not receive. It is adequately pled as an alternative to the breach of contract claim. Count IV will be allowed to stand.[2]

Accordingly, it is,

**ORDERED,** Defendant's Motion (Doc. 28) is **GRANTED IN PART,** Count II is dismissed without prejudice. The Motion is **DENIED** in all other respects.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 9, 2014.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[2] These claims may be inconsistent and involve mutually exclusive remedies, but the Court need not address these issues now.